(137 So. 923)

## Charlie MIMS v. STATE.

### 5 Div. 847.

Court of Appeals of Alabama.
Nov. 24, 1931.

SAMFORD, J.
Affirmed.

(131 So. 924)

## Fred MITCHELL v. STATE.

### 4 Div. 645.

Court of Appeals of Alabama.
Dec. 16, 1930.

Marcus J. Fletcher, of Andalusia, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

RICE, J.

Appellant was convicted of the offense of assault with intent to murder.

The record presents but few, if any, questions calling for comment by us.

As stated in brief of appellant's counsel, "according to the state's theory appellant without any cause, justification or reason, struck Terry Prestwood on the head with the axe handle while he (Prestwood) was sitting on the truck and knocked Prestwood backwards on the seat"; and "according to the facts shown by the State the assault by appellant was cold blooded and unwarranted."

The appellant claimed to have acted in self-defense, but his own testimony discloses that he was not at a place where the law exempted him from the duty to retreat, etc., and, to use his own language, "there was plenty of space there for me to get out of his (Prestwood's) way."

The oral charge of the court, to no part of which was an exception reserved, when taken in connection with the written charges given at appellant's request, fairly and fully, gave to the jury the rules of law necessary for their guidance in deciding the issues made by the evidence.

The written charges requested by, and refused to, appellant, have each been examined, but we take it that, under the evidence, it is obvious that they were each properly refused. No detailed comment will be made.

The few exceptions reserved on the taking of testimony are, after careful examination, deemed unworthy of discussion. It clearly appears that there is merit in none of them.

We discover nowhere prejudicial error. True, the punishment imposed by the court might seem rather severe, but it was within the bounds prescribed by law, and, while it has provoked vigorous comment by appellant's counsel, there appears no method by which we could interfere with same, even should we be persuaded to said distinguished counsel's way of thinking, which we are not.

The judgment must be, and is, affirmed.

Affirmed.

(132 So. 921)

## Tom MIXON v. STATE.

### 2 Div. 460.

Court of Appeals of Alabama.
March 24, 1931.

SAMFORD, J.
Appeal dismissed.

(130 So. 924)

## D. P. MOORE v. T. D. HAAS.

### 1 Div. 978.

Court of Appeals of Alabama.
Nov. 13, 1930.

PER CURIAM.
Appeal dismissed for want of prosecution.

(135 So. 924)

## Jim MORGAN v. STATE.

### 1 Div. 41.

Court of Appeals of Alabama.
June 18, 1931.

PER CURIAM.
Appeal dismissed.